IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY A. BORING,** : | **CIVIL ACTION NO. 1:04-CV-2137** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **JO ANNE BARNHART**, : | |
| **COMMISSIONER OF SOCIAL** : | |
| **SECURITY** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 27th day of January, 2006, upon consideration of plaintiff's motion for attorney's fees (Doc. 13), see 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses, in addition to costs . . . incurred by that party in . . . proceedings for judicial review of agency action . . . ."), to which defendant concurs (see Doc. 17), and it appearing that plaintiff is the prevailing party in the above-captioned case, see Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("[A] party who wins a . . . remand [for reasons other than the addition of new evidence] is a prevailing party [for purposes of § 2412 fee recovery]."); see also Johnson v. Gonzales, 416 F.3d 205, 209 (3d Cir. 2005); Kadelski v. Sullivan, 30 F.3d 399, 401 n.2 (3d Cir. 1994), and the court finding that defendant's position in this case was not substantially justified, see 28 U.S.C. § 2412(d)(1)(A) (stating that fees may not be awarded when the position of the government is found to be substantially justified); see also Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998) ("The government has the burden of establishing that there is substantial

justification for its position."), that there do not exist circumstances that would make an award unjust, see 28 U.S.C. § 2412(d)(1)(A) (stating that fees shall not be awarded when special circumstances make the award unjust), and that the award requested is reasonable and an increase in the cost of living justifies a fee in an amount greater than that provided by statute, see 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."); see also Allen v. Bowen, 821 F.2d 963, 967-68 (3d Cir. 1987) (approving the use of the consumer price index to increase a fee award), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 13) for attorney's fees is GRANTED.

2. Plaintiff is AWARDED attorney's fees in the amount of $5,165.51. See 28 U.S.C. § 2412(d)(1)(A). Defendant shall pay this amount to plaintiff's attorney, Joanne B. Kehr, Esquire.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge